IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH-19-0555 |
| | * | |
| TERRY A. TUCKER, | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |

## MEMORANDUM OPINION

The Court has received Defendant's Emergency Motion for Reconsideration of Bond ("Defendant's Motion"), ECF No. 24. The Court has reviewed Defendant's Motion, and the Opposition thereto. ECF No. 25. No hearing is deemed necessary. Local Rules 105.6 and 207 (D. Md.). The Court hereby DENIES Defendant's Motion.

### I. Relevant Procedural History

On November 20, 2019, Defendant was charged by way of indictment with possession with intent to distribute "a quantity of a mixture and substance containing a detectable amount of cocaine base." *See* Indictment, 1, ECF No. 1. On November 25, 2019, after a detention hearing before this Court, an order of detention was entered. ECF No. 10. The Court found by clear and convincing evidence that "[the] weight of evidence against defendant is strong; [Defendant is] subject to [a] lengthy period of incarceration if convicted; [Defendant had a] prior criminal history; and [Defendant has participated] in criminal activity while on probation, parole or supervision." ECF No. 10. Defendant now seeks review of this Court's order of detention due to the outbreak of the Corona virus ("COVID-19") and requests that the Court set conditions of release. Def.'s Emergency Mot. for Recons. of Bond 3.

## II. The COVID-19 Pandemic

Defendant contends that he suffers from "a respiratory condition (severe asthma), high blood pressure, and high cholesterol." *Id*. Defendant avers that this is a circumstance "where the importance of consequences for allege[d] violations of a non-violent drug offense must give way to larger and more fundamental concerns about what justice requires." *Id.* at 3. The Government avers that: (1) Defendant fails to account for the factors under the Bail Reform Act, 18 U.S.C. § 3142; (2) the D.C. Department of Corrections ("DOC") has established comprehensive procedures to avoid COVID-19 outbreak; and (3) Defendant's health concerns do not merit release. Gov't Opp'n to Mot. for Recons. Bond 3–9.

Under the Bail Reform Act, a detention hearing determination:

> [M]ay be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a *material bearing* on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f) (emphasis added).

The presence of the COVID-19 creates a "material bearing" on the issue of whether there are conditions of release that can protect the community from the danger that Defendant presents. Yet, this Court has stated that the mere presence of the virus, even in the detention setting, does not automatically translate to the release of a person accused. *See United States v. William Bilbrough*, *IV*, TDC 20-33 (D. Md. Mar. 20, 2020) (denying the defendant's motion even though the defendant suffered from diabetes); *United States v. Julius Williams*, PWG 13-544 (D. Md. Mar. 24, 2020) (denying a 67-year old defendant's motion); *United States v. Anthony Penaloza*, TDC-19-238 (D. Md. Mar. 31, 2020) (denying the defendant's motion even

2

though the defendant suffered from a heart murmur); *United States v. Teon Jefferson*, CCB-19-487 (D. Md. Mar. 23, 2020) (denying the defendant's motion even though the defendant was asthmatic); *United States v. Derek Crosby*, ELH-19-286 (D. Md. Apr. 2, 2020) (denying the defendant's motion despite his previous diagnosis of pneumonia, asthma, and a need for an albuterol inhaler); *United States v. Ronald McCormick*, GLR-19-318 (D. Md. Apr. 2, 2020) (denying the defendant's motion despite testing positive for COVID-19); *United States v. Dante Williams*, PWG-19-8 (D. Md. Apr. 2, 2020) (denying defendant's motion even though he suffered from allergies and asthma).

As outlined by the Government, the Department of Corrections ("DOC") has taken, and continues to take substantial steps to mitigate the effect of COVID-19. Gov't Opp'n to Mot. for Recons. Bond 5–8. This includes policies that: preclude non-legal visitations; require inmate screening; quarantine of infected inmates; and extra cleaning. *Id.* Further, as of March 27, 2020, the DOC took additional measures to mitigate the spread of COVID-19 by cancelling certain inmate activities and reducing the time inmates spend outside of their cells. *Id.*

At the time of the filing of Defendant's Motion, "five CTF inmates have been diagnosed with COVID-19 . . . [but the CTF has taken] immediate action with regard to the detainees who have tested positive." *Id*. at 3. Defendant now contends that he is concerned for his health because he has a respiratory condition (severe asthma), high blood pressure and high cholesterol. Def.'s Emergency Mot. for Recons. of Bond 1. Defendant fails to elaborate how these conditions constitute him as a uniquely at-risk inmate. Defendant at no point provides medical records which substantiate his claims. More importantly, there is no indication that Defendant has been in contact with any detainees who have been diagnosed with the virus. It is not for the

3

Court to speculate where the "fine line" might be crossed where the scales weigh more favorably toward release. But on this record, it has not been crossed.

Further, the Court has a duty to balance the factors of the Bail Reform Act, with the overlay of concerns about the health and safety of Defendant and the community at large. Here, Defendant has been charged with a crime described in 18 U.S.C. § 3142(f)(1) as an "offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(2). Therefore, there is a rebuttable presumption that no condition or combination will reasonably assure the safety of any other person and the community. As the Court found during the initial detention hearing, Defendant has failed to rebut the presumption that Defendant will not be a danger to the safety of the community. Defendant was arrested while he was on pre-trial release for another drug-related offense. Gov't Opp'n to Mot. for Recons. Bond 4. Upon executing a search warrant at Defendant's residence, law enforcement found within Defendant's reach, a loaded Zastaz-Serbia, Model PAP M92PV, semi-automatic firearm with a magazine which holds approximately 30 rounds. *Id*. Further, law enforcement recovered, 56.9 grams of crack cocaine and more ammunition. *Id.* The Court cannot ignore the fact Defendant had access to dangerous weapons and large amounts of narcotics in the past, therefore, finds Defendant is a significant danger to the community. Further, with Defendant possibly facing meaningful jail time, the risk that Defendant may flee is heightened.

The Court acknowledges the tragic effects of the COVID-19 outbreak in our communities and in the detention centers. However, the COVID-19 outbreak does not relieve the Court of its duty to ensure the safety of our community and Defendant's appearance at trial.

## III.   Conclusion

Defendant has failed to demonstrate that the changed circumstances created by the COVID-19 crisis sufficiently tips the scales of detention to reverse the earlier decisions by the Court.   Accordingly, Defendant's Motion is denied.


April 3, 2020                                                                      /s/
                                                                    Charles B. Day
                                                                    United States Magistrate Judge