IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES,** | * | |
| | * | |
| v. | | Case No.: GJH-19-555 |
| | * | |
| **TERRY A. TUCKER,** | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Defendant Terry A. Tucker is currently detained at the Central Treatment Facility ("CTF") pending trial in this case. Pending before the Court is Mr. Tucker's Second Emergency Motion for Reconsideration of Bond. ECF No. 30. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Tucker's Motion is denied.

**I.   BACKGROUND**

On November 20, 2019, a grand jury for the District of Maryland issued an Indictment charging Mr. Tucker with one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. At Mr. Tucker's initial appearance on November 21, 2019, ECF No. 4, he was ordered temporarily detained pending a hearing, ECF No. 7. At the conclusion of the detention hearing on November 25, 2019, Magistrate Judge Day detained Mr. Tucker pending trial, finding that there was clear and convincing evidence that no release conditions or combination of release conditions would reasonably assure the safety of the community. ECF No. 10. Specifically, Magistrate Judge Day found that there was a rebuttable presumption under 18 U.S.C. § 3142(e)(2) that no condition or combination of conditions would

reasonably assure the safety of the community because Mr. Tucker was charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, the weight of the evidence against him was strong, he was subject to a lengthy period of incarceration if convicted, he had a prior criminal history, and he had participated in criminal activity while on probation, parole, or supervision. *Id.* On December 9, 2019, Mr. Tucker pleaded not guilty to the one count in the Indictment. ECF No. 15.

On March 29, 2020, Mr. Tucker filed an Emergency Motion for Reconsideration of Bond in light of the COVID-19 pandemic, citing his asthma, high blood pressure, and high cholesterol. ECF No. 24. On April 6, 2020, Judge Day denied Mr. Tucker's Motion. ECF No. 26. Judge Day explained that the D.C. Department of Corrections ("DOC") had taken substantial steps to mitigate the effects of COVID-19 in its facilities, including CTF; Mr. Tucker had provided no medical records or other evidence to substantiate his claims that he had medical conditions that made him more vulnerable to the virus; and Mr. Tucker had not rebutted the presumption in favor of detention based on danger to the community given that upon executing a search warrant at his home, law enforcement found a loaded semi-automatic firearm within Mr. Tucker's reach, ammunition, and more than 56.9 grams of crack cocaine. *Id.*

On June 19, 2020, Mr. Tucker filed the pending Second Emergency Motion for Reconsideration of Bond, again citing the COVID-19 pandemic. ECF No. 30. The Government filed a response on July 6, 2020. ECF No. 36. Mr. Tucker did not file a reply.

## II.   DISCUSSION

Mr. Tucker asks the Court to reconsider Judge Day's denial of his First Emergency Motion for Reconsideration of Bond given the danger posed by the COVID-19 pandemic to individuals who are incarcerated, DOC's failure to control the spread of the pandemic in its

facilities, and his high blood pressure, which he contends makes him particularly vulnerable to the virus.

The Court does not take lightly the seriousness of the COVID-19 pandemic, nor does it dispute that the virus poses a serious risk to those both inside and outside of DOC facilities. But as concerning as the COVID-19 pandemic is, whether to release an individual pending trial still requires an individualized assessment of the factors identified in the Bail Reform Act, 18 U.S.C. § 3142(g). Here, Judge Day carefully conducted this individualized assessment in his denial of Mr. Tucker's Emergency Motion. He explained that although the COVID-19 pandemic is a material issue, the mere presence of the virus in a facility does not translate to the release of a person accused, particularly in light of DOC's assurances that it has taken substantial steps to slow the spread of the virus. ECF No. 26 at 3.[1] Judge Day explained further that Mr. Tucker had provided no medical records or other evidence to substantiate his claims that he had medical conditions that made him more vulnerable to the virus or that he had been in contact with any detainees who had been diagnosed with the virus. *Id.* Finally, Judge Day explained that the factors under the Bail Reform Act also balance against pretrial release because Mr. Tucker is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act; he was arrested while on pretrial release for another drug-related offense; upon execution of a search warrant at his residence, law enforcement found a loaded semi-automatic firearm within Mr. Tucker's reach, ammunition, and more than 56.9 grams of crack cocaine; he poses a flight risk because he faces meaningful jail time; and he poses a significant danger to the community because he had access to dangerous weapons and large amounts of narcotics in the past.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

3

Mr. Tucker's primary complaint about Judge Day's analysis is that he relied on DOC's assurances that it was controlling the spread of the virus in its facilities, even though the United States District Court for the District of Columbia subsequently found that those assurances were inaccurate. *See Banks v. Booth*, No. 20-849-CKK, ECF No. 49 (D.D.C. Apr. 19, 2020). In *Banks*, the court granted in part a Motion for a Temporary Restraining Order based in part on a finding that there was a likelihood of success on the merits of claims that the conditions of confinement in DOC facilities violated the right of detainees to due process under the Fourteenth Amendment and of inmates under the Eighth Amendment by failing to adequately protect their health and safety. *See Banks*, No. 20-849-CKK, ECF No. 49 at 22. According to a report submitted to the *Banks* court by independent investigators, as of April 19, 2020, DOC had been slow to, and had failed to, operationalize and enforce social distancing measures; failed to implement contact tracing when correctional staff tested positive; had been slow to respond to inmates displaying symptoms of COVID-19, such as fever and coughing; did not properly seal off quarantined inmates from the general population or require proper use of masks and gloves for those present in the quarantine unit; and left inmates in isolation for having tested positive without access to showers or laundry services. *Id.* at 14–15, 19–21. Based on these findings, the court concluded that the evidence suggested that DOC acted with deliberate indifference to inmate health and safety because it was aware of the risks of COVID-19, but "disregarded those risks by failing to take comprehensive, timely, and proper steps to stem the spread of the virus." *Id.* at 22. Although the court did not order the immediate release or transfer of detainees, it ordered as a first step certain remedial actions, including that DOC improve the triage process for suspected cases of COVID-19, provide proper cleaning supplies to each unit in the facility, and implement social distancing measures. *Id.* at 27–28, 30.

It appears that the steps DOC has taken in light of the *Banks* decision have been successful because the Government reports that there are currently no positive COVID-19 cases at DOC facilities as of July 6, 2020. *See* ECF No. 36 at 7. Mr. Tucker has not responded to this information, and the Court has no reason to doubt its truth. Thus, given that DOC's assurances that it is controlling the spread of the COVID-19 virus in its facilities now appear accurate, there is no need to reconsider Judge Day's careful balancing of the Bail Reform Act factors that led to his initial decision to deny reconsideration of Mr. Tucker's bond.

Although Mr. Tucker's high blood pressure might increase his risk for severe illness from COVID-19, *see People at Increased Risk: People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (July 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, the current situation at CTF does not place Mr. Tucker at a higher risk of contracting the COVID-19 virus than he would be in the general population. Moreover, even if Mr. Tucker could make a more compelling case regarding his health risks, the Bail Reform Act factors also weigh heavily against release. Mr. Tucker has been charged with a serious crime for which a maximum term of imprisonment of ten years or more is prescribed, the weight of the evidence against him is strong, and no release condition or combination of release conditions would assure the safety of the community, particularly given Mr. Tucker's past access to narcotics and firearms in violation of the law and court orders. Mr. Tucker's request for reconsideration of bond is therefore denied.

Alternatively, Mr. Tucker contends that he should be temporarily released pursuant to 18 U.S.C. § 3142(i). Section 3142(i) permits "the temporary release of" an individual who is detained pretrial "in the custody of a United States marshal or another appropriate person, to the

extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Mr. Tucker contends that his release would be justified by a "compelling reason." In a recent remand of a detention order, the Fourth Circuit stated that a district court should consider "the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform factors, rises to the level of a 'compelling reason' for temporary release under 18 U.S.C. § 3142(i)." *United States v. Creek*, No. CCB-19-36, 2020 WL 2097692, at *4 (D. Md. May 1, 2020).

Here, although Mr. Tucker's high blood pressure might increase his risk for severe illness from COVID-19, as the Court has already explained, there are currently no positive cases at CTF and Mr. Tucker's risk of contracting the virus is therefore low. That low risk, together with the factors in the Bail Reform Act, does not rise to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i). Accordingly, Mr. Tucker's request for temporary release is denied.

### III. CONCLUSION

For the foregoing reasons, Mr. Tucker's Second Emergency Motion for Reconsideration of Bond is denied.

Date: <u>August 3, 2020</u>       __/s/_____
                                                          GEORGE J. HAZEL
                                                          United States District Judge